J-S14003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE B. OBERDICK | : | |
| | : | |
| Appellant | : | No. 1246 MDA 2023 |

Appeal from the PCRA Order Entered August 9, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001638-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:            **FILED: MAY 31, 2024**

Kyle B. Oberdick appeals from the order, entered in the Court of Common Pleas of Lackawanna County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

On June 21, 2022, Oberdick was at the Pennsylvania Board of Probation and Parole Office in Scranton.  Oberdick headbutted and bit Agent C. Calver.[1]  Oberdick headbutted, kicked, and attempted to bite Agent Mulnick.[2]  Additionally, Oberdick spit on Director R. Jones.[3]  As a result, Oberdick was

---

[1] Agent Calver's first name does not appear in the certified record.

[2] Agent Mulnick's first name does not appear in the certified record.

[3] Director Jones' first name does not appear in the certified record.

charged with one count each of aggravated assault[4] and aggravated harassment by a prisoner,[5] and two counts each of simple assault[6] and harassment.[7]

On October 12, 2022, Oberdick entered into a hybrid guilty plea, wherein he agreed to plead guilty to one count each of aggravated assault and aggravated harassment by a prisoner, and the Commonwealth would withdraw the remaining charges. There was no agreement as to sentencing. The trial court conducted an on-the-record colloquy of Oberdick, after which the trial court found that Oberdick entered the guilty plea knowingly, intelligently, and voluntarily, and accepted Oberdick's guilty plea. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On January 11, 2023, the trial court sentenced Oberdick to an aggregate period of 18 to 36 months' incarceration followed by five years' probation. Oberdick did not file post-sentence motions or a direct appeal.

Instead, on February 16, 2023, Oberdick filed a *pro se* PCRA petition. The PCRA court appointed Kurt Lynott, Esquire, to represent Oberdick.

---

[4] 18 Pa.C.S.A. § 2702(a)(3).

[5] *Id.* at § 2703.1.

[6] *Id.* at § 2701(a)(3).

[7] *Id.* at § 2709(a)(1).

Attorney Lynott filed a **Turner**/**Finley**[8] letter on April 3, 2023, wherein he indicated that Oberdick's PCRA petition lacked merit. On April 21, 2023, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 and afforded Oberdick 20 days to file a response. Oberdick did not file a timely response. For unknown reasons, the PCRA court did not issue an order dismissing Oberdick's PCRA at this time.

However, on August 4, 2023, Oberdick filed a second *pro se* PCRA petition, which the PCRA court treated as an untimely response to the Rule 907 notice. **See** Statement in Lieu of Rule 1925(a) Opinion, 1/11/24, at 3. On August 9, 2023, the PCRA court denied Oberdick's PCRA petition.

Oberdick filed a timely, *pro se*, notice of appeal. The PCRA court appointed Kevin McNicholas, Esquire, to represent Oberdick on appeal and ordered the preparation of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which Attorney McNicholas prepared and filed. Oberdick now raises the following claims for our review:

> 1. Whether the denial of [] Oberdick's PCRA [petition] should be reversed and the case remanded for an evidentiary hearing to determine whether [] Oberdick was incompetent to plead guilty because[:] (A) PCRA counsel was ineffective in submitting a **Turner**/**Finley** letter instead of challenging the legitimacy of [] Oberdick's plea on the grounds that it was not entered knowingly, voluntarily, and intelligently due to a mental infirmity which rendered [] Oberdick incompetent, and (B) plea counsel was ineffective for failing to request a competency evaluation despite evidence of long standing mental health problems and psychiatric

---

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

records indicating that [] Oberdick was incompetent when he entered his plea.

2. Whether the dismissal of [] Oberdick's PCRA [petition] should be reversed and the case remanded for an evidentiary hearing to determine whether plea counsel was ineffective in failing to file the motion for reconsideration required to preserve [] Oberdick's right to appeal the discretionary aspects of his sentence, and whether PCRA counsel was ineffective for failing to request the reinstatement of Oberdick's appellate rights.

Brief for Appellant, at 4.

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005)

(quotations and citations omitted).

In both of his claims, Oberdick alleges prior counsel's ineffectiveness. Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

- 4 -

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

Here, Oberdick has failed to develop his claims for our review. He baldly asserts that they are meritorious claims but fails to cite to any caselaw beyond boilerplate citations to this Court's standard of review. *See* Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief[] fails to develop the issue in any . . . meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Additionally, Oberdick fails to address any of the ineffectiveness prongs, and each of his arguments spans less than one page in length. *See Johnson*, *supra*; *Holt*, *supra*. Accordingly, these claims have not been developed for our review and are waived.[9]

_____

[9] Regarding Oberdick's claims that his prior counsel failed to file an appeal, there is nothing in the record that indicates Oberdick's interest in, or intent to, file an appeal. As our Supreme Court stated in *Commonwealth v. Parrish*, 273 A.3d 989, (Pa. 2022), "[t]o be entitled to a remand, [an appellant] must provide more than boilerplate assertions of [] counsel's ineffectiveness. That is, he must establish that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available." *Id.* at 1006. Consequently, merely asserting a claim of ineffectiveness for failing to file an appeal does not automatically warrant PCRA relief. An appellant is still required to meet his burden as outlined in *Parrish*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024